United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Lynn Miller, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-80958-Civ-Scola |
| | ) | |
| Wal-Mart Stores, Inc., Defendant. | ) | |

## Order Granting Temporary Stay

Plaintiff Lynn Miller complains that her employer, Wal-Mart Stores, Inc., discriminated against her on the basis of her gender. She seeks relief under theories of both disparate treatment as well as disparate impact. In response, Walmart has filed a motion to dismiss. (ECF No. 7.) Walmart argues, among other things, that the Plaintiff fails to state a claim under either theory. Walmart now asks the Court to stay discovery until the Court rules on its motion to dismiss. (ECF No. 8.) The Plaintiff objects to the stay, arguing that no discovery has yet been requested and, in any event, Walmart's motion to dismiss is not "clearly meritorious." (Pl.'s Resp., ECF No. 12.) Having considered the parties' arguments and for the following reasons, the Court finds a limited stay in this case warranted and therefore **grants** Walmart's request for a stay of discovery. (**ECF No. 8**.)

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). And district courts have "broad authority to grant a stay." *In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011) (Goodman, Mag. J.) Courts consider the relative prejudice and hardship "worked on each party if a stay is or is not granted" and general efficiency. *Fitzer v. Am. Institute of Baking, Inc.*, No. 209-cv-169, 2010 WL 1955974 (S.D. Ga. May 13, 2010); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1988) (noting that a court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery") (citations omitted). Moreover, so long as a stay is neither "immoderate" nor indefinite, a stay can be appropriate in the interest of judicial convenience. *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262 (11th Cir. 2000) (provided a stay will expire within reasonable limits, it is not immoderate). In considering the balance, a court may take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). After reviewing Walmart's motion to dismiss, the Court finds the issues raised, particularly with respect to the Plaintiff's failure to state a claim on either her disparate treatment or disparate impact claims,

appear clearly meritorious. *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (Scola, J.) (quoting *Feldman,* 176 F.R.D. at 652–53). And if the motion to dismiss is granted in its entirety, which at this preliminary stage appears likely, the need for discovery in this proceeding will be eliminated. Further, the Plaintiff's objection to the stay based on the current lack of discovery in this case is not viable in light of her recently filed discovery motion in *Allred v. Wal-Mart Stores, Inc.*, Case No. 19-80922-Civ-RNS, ECF No. 23, Pl.'s Mot. at 7 (S.D. Fla. Oct. 8, 2019), wherein she advises that "discovery has just begun."

The Court thus finds a stay warranted and **grants** Walmart's motion (**ECF No. 8**). Discovery is therefore **stayed** until this Court issues its order on Walmart's motion to dismiss. If the motion is ultimately denied, discovery must immediately move forward. Additionally, the Court lifts the previously imposed suspension of briefing of Walmart's motion to dismiss. To that end, the Plaintiff must respond to Walmart's motion to dismiss on or before **November 4, 2019**. Walmart must file its reply, if any, within seven days of the Plaintiff's filing of her response.

This brief stay of general discovery, will not cause any prejudice to the Plaintiff who will be afforded sufficient opportunity to conduct discovery if any of her claims advance in this Court. The parties must file an amended joint discovery plan and conference report within **seven days** if the Court denies any aspect of Walmart's motion. **While discovery is stayed, the parties shall take no action except to complete briefing of Walmart's motion to dismiss or as otherwise directed by the Court.** If either party believes this case should be reopened, that party may file a motion to reopen the case, indicating the relief sought and why that request warrants the reopening of the case.

Further the Court denies, without prejudice, the discovery motion filed in the *Allred* case, referred to above, as it pertains to this Plaintiff. If any aspect of Walmart's motion to dismiss is ultimately denied the Plaintiff may refile her motion, *in this case*, to the extent it applies to her individual case.

**Done and ordered**, at Miami, Florida, on October 10, 2019.

_____
Robert N. Scola, Jr.
United States District Judge